UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MARTIN,

        Plaintiff,                     CASE NO.: 2:06-CV-12602

vs.                                   DISTRICT JUDGE BERNARD A. FRIEDMAN
                                       MAGISTRATE JUDGE STEVEN D. PEPE

OAKLAND COUNTY, K. FORTON, GREEN,
HARTSHORN, RITTER, HUBBLE, OCHADLEUS,
J. NAGY (#1235), AND OTHER UNKNOWN OFFICERS,
in their individual and official capacities,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO QUASH DEFENDANT FORTON'S SEPTEMBER 19, 2008, SUBPOENA (DKT. #87)

On September 25, 2008, Plaintiff moved to quash Defendant Forton's subpoena to Mike Wissel (Dkt. #87). In accordance with Local Rule 73.1(a), the parties have consented to all proceedings in this case being conducted by the undersigned (Dkt. #80 & #81). For the reasons noted below, Plaintiff's motion is **GRANTED**.

Discovery in this case has been closed since December 15, 2007 (Dkt. #53). Now, some nine months after discovery has closed and approximately two months before trial of this matter is scheduled to commence, Defendant Forton has issued a document production subpoena to Mike Wissel from the State of Michigan BHP—Health Investigation Division. The documents requested were to be produced by September 26 (one week from the date of issuance of the subpoena). Furthermore, Plaintiff received this subpoena via first class mail on Monday, September 22, leaving less than four days to file a motion with the Court requesting that the subpoena be quashed.

At no time subsequent to this date did Defendant Forton seek a modification of the Scheduling Order permitting additional time to conduct discovery. Instead, Defendant Forton and the other named Defendants filed their respective Motions for Summary Judgment. Moreover, Defendant Forton has failed to file a response to the present motion to quash his subpoena. Pursuant to Local Rule 7.1(d)(2)(B), "a response to a nondispositive motion must be filed within 14 days after service of the motion." Here, Defendants have failed to file any responses to Plaintiff's motions to compel, which were all filed on August 15, 2008 (Dkt. #96, #97, #98 & #101). Pursuant to Local Rule 7.1(d)(2)(E), "oral hearings will be held unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule." Because Defendant Forton has failed to file any response in opposition to the relief requested as required by the Local Rules or sought an extension of time to file his response, it is determined that rulings can be made on the pending motions to compel without oral argument.

The case of *Fabery v. Mid-South OB-GYN*, 2008 U.S. Dist. LEXIS 39679, *3-*5 (WD Tenn. 2008) sets forth a good analysis of the case law ultimately prohibiting Defendant Forton's actions and requiring that the subpoena be quashed. The Court's analysis is set forth below:

> A subpoena that seeks documents under *Federal Rule of Civil Procedure* 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order. *Hamilton v. Am. Corrective Counseling Servs., Inc.*, No. 3:05-CV-434 RM, 2007 U.S. Dist. LEXIS 28322, 2007 WL 724791, at *1 (N.D. Ind. Apr. 13, 2007); *see also Wantanabe Realty Corp. v. City of New York*, 159 Fed. Appx. 235, 240 n.2 (2d Cir. 2005) (noting that "Rule 45 subpoenas may not be used to circumvent the discovery deadlines"); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (holding that because the plaintiff "had adequate opportunity to discover [material requested in a Rule 45 subpoena] through the normal discovery process, the district court did not abuse its discretion in quashing the [Rule 45] subpoena"); *Ghandi v. Police Dept. of the City of Detroit*, 747 F.2d 338, 354-55 (6th Cir. 1984) (finding that the district court did not abuse its discretion in deciding to quash plaintiffs' Rule 45 subpoena when plaintiffs waited until after the discovery deadline had passed and plaintiffs were given ample opportunity to

complete discovery); *Garvin v. S. States Ins. Exch. Co.*, No. 1:04cv73, 2007 U.S. Dist. LEXIS 63664, 2007 WL 2463282, at *3 (N.D. W. Va. Aug. 28, 2007) (stating that "[g]enerally, a Rule 45 subpoena duces tecum constitutes 'discovery,' which must be filed and served prior to the close of the discovery period"); *Regal Coal, Inc. v. LaRosa*, No. Civ.A. 2:03CV90, 2006 U.S. Dist. LEXIS 15541, 2006 WL 696181, at *21 (N.D. W. Va. March 17, 2006) (holding "that a Rule 45 subpoena does in fact constitute discovery"); *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005) (holding that "Rule 45 subpoenas are 'discovery' under Rules 16 and 26 of the Federal Rules of Civil Procedure, and are subject to the same deadlines as other forms of discovery"); *Dodson v CBS Broad. Inc*., No. 02 Civ 9270(KMW), 2005 U.S. Dist. LEXIS 29703, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (stating that Rule 45 subpoenas "may not be used . . . as means to engage in discovery after the discovery deadline has passed"); *Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995) ("After careful consideration, the Court finds that the Rule 45 subpoenas duces tecum in this case constitute discovery."). In this case, the Fabery's subpoena clearly violates the court's scheduling order, as the subpoena was served over one year after the expiration of the March 1, 2007, discovery deadline. *Fabery, supra* at *3-*5.

The case law cited above makes it clear that a subpoena cannot be issued once discovery has closed. As such, the Court must quash the subpoena.

**SO ORDERED.**

Dated: October 21, 2008            s/Steven D. Pepe
Ann Arbor, MI            United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on 10/21/08 .

          s/Jermaine Creary
          Deputy Clerk